# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS, | 1:12-cv-1437-LJO-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (ECF No. 22) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |
| / | |

Plaintiff Edward Lee Thomas ("Plaintiff"), a former state prisoner, initiated this action on August 31, 2012 pursuant to 42 U.S.C. Section 1983. (Compl., ECF No. 1.)

On April 21, 2013, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to effect service within one hundred and twenty days. (ECF No. 22.) Plaintiff's counsel has responded to this order by informing of an intent to withdraw as counsel, but without providing any explanation for the delay in serving defendants or requesting additional time to do so. (ECF No. 23.) As of this date, the Court is unaware of any good cause for Defendants Bryant, Desilagua, Goumas, Hartley, Lopez, Ndoh, and Does not having been served within one hundred and twenty days of the Court's order to Plaintiff to effect service.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of

1  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
2  in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
3  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
4  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's
5  warning to a party that his failure to obey the court's order will result in dismissal satisfies
6  the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
7  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order to show cause
8  stated: "The failure to respond to this order, or the failure to show good cause, will result
9  in the dismissal of this action, without prejudice, for failure to effect service on Defendants
10 Bryant, Desilagua, Goumas, Hartley, Lopez, Ndoh, and Does." (ECF No. 22.)   Plaintiff
11 had adequate warning that dismissal would result from  noncompliance with the Court's
12 order. The failure to proceed cannot be attributed to ignorance of the law; plaintiff has at
13 all times relevant here been represented by licensed California counsel

14      Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED,
15 without prejudice, based on Plaintiff's failure to obey a court order.

16      These Findings and Recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
18 Within fourteen (14) days after being served with these Findings and Recommendations,
19 any party may file written objections with the Court and serve a copy on all parties.  Such
20 a document should be captioned "Objections to Magistrate Judge's Findings and
21 Recommendations."   The parties are advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st,
23 951 F.2d 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.

26 Dated:   June 8, 2013                         /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE